IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                                    )
                     Applicant, )
                                                    )
      v. )  NO. 2:23-mc-00202
                                                    )
KANSAS CITY KANSAS COMMUNITY )
COLLEGE, )
                                                    )
                   Respondent. )
_____

**MEMORANDUM IN SUPPORT OF APPLICATION
FOR ORDER TO SHOW CAUSE WHY
<u>ADMINISTRATIVE SUBPOENAS SHOULD NOT BE ENFORCED</u>**

      This case is before the Court on the Equal Employment Opportunity

Commission's ("EEOC") application for an Order to Show Cause why administrative

subpoenas should not be enforced. The EEOC is currently investigating four charges of

discrimination. One alleges sex discrimination under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and all allege age discrimination

under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§

621-34 ("ADEA").

      During its investigation, the EEOC issued five subpoenas seeking relevant

documents and information from Respondent. Respondent refused to comply with the

subpoenas. The EEOC therefore applies for an Order to Show Cause why the subpoenas

should not be enforced.

## I.      Factual Background

This action involves four Charging Parties and five identical subpoenas, four issued pursuant to the ADEA and one issued pursuant to Title VII. The Charging Parties and subpoena numbers are:

| Charge No. | Charging Party | Charge No. | Subpoenas | Dated | Attach. No. |
|---|---|---|---|---|---|
| 1 | Kathy Rausch | 563-2021-01561 | SL-22-09 (ADEA) & SL-22-10 (Title VII) | May 25, 2022 | 29-30 |
| 2 | Rodney Schubert | 563-2021-01604 | SL-22-11 (ADEA) | May 25, 2022 | 31 |
| 3 | James Gunzenhauser | 563-2021-01434 | SL-22-12 (ADEA) | May 25, 2022 | 32 |
| 4 | Richard Peters | 563-2021-00731 | SL-22-13 (ADEA) | May 25, 2022 | 33 |

Each of these individuals' charges of discrimination alleged that the Respondent, Kansas City Kansas Community College, discriminated against them because of their age; Rausch also alleged discrimination because of her sex, female. Exhibit A, Declaration of Natascha DeGuire, Area Director, ¶ 4 and Attachments 1-4 thereto. The charging parties are police officers, each with many years' experience working for Respondent. They allege that Respondent began hiring new, younger police officers at a higher hourly rate than they were paid. Rausch also alleges male officers were paid more than she was. The EEOC sent Respondent notice of the charges and began to investigate whether Respondent violated Title VII and / or the ADEA. Ex. A, ¶ 5 and Attachments 5-8.

The EEOC served Respondent with two Requests for Information based on each

2

charge. Ex. A, ¶¶ 6-7 and Attachments 9-16. Relevant here, the EEOC asked Respondent to provide information and documents relating to policies for setting wages; payroll records for the police department for a limited time period; personnel files, including applications and resumes for new hires; job postings for a limited period; and information about who made decisions about wages and wage increases. Ex. A, Attachments 9-12, Requests 9, 10, 11, 12, 14, 15, 16 and 17; Ex. A, Attachments 13-16, Request 2. The documents and information sought by the EEOC go to the heart of the matter: Charging Parties alleged discriminatory pay and so, through these requests, EEOC sought documents and information about wages, qualifications, and decision makers.

Respondent replied to the first Requests for Information but refused to provide everything the EEOC sought. Ex. A., ¶¶ 8-9 and Attachments 17-20. Respondent then submitted supplemental responses to the first Requests for Information, but again refused to provide all information sought. Ex. A., ¶¶ 10-11 and Attachments 21-24. Further, Respondent replied to the second Requests for Information by raising the same objections and again failed to provide the EEOC with all information sought. Ex. A., ¶¶ 12-13 and Attachments 25-28. After these informal efforts to obtain compliance failed, on May 25, 2022, the Area Director of the Kansas City Area Office issued subpoenas to Respondent to compel production of:

1. Documents showing Respondent's policies and practices regarding pay;

2. Payroll records for individuals employed as police officers or in Respondent's police department;

3. The identities of individuals who participated in setting or changing pay

rates for officers;

4.  Personnel records for part-time officers;

5.  Vacancies and postings for open police officer positions;

6.  Applications and resumes for campus police officers; and

7.  Documents related to Board of Trustees' decisions regarding officer pay.

Ex. A, ¶¶ 14-15 and Attachments 29-33.[1] All requests were limited in time to April 1, 2019 through the present.

The subpoenas directed Respondent to answer by June 7, 2022. While Respondent answered by the deadline, it objected generally to the requests, objected entirely to Requests 3 and 6, and provided no documents. As to the remainder, Respondent offered only partial responses and agreed to make documents available "at a mutually agreeable time and place." Ex. A, ¶¶ 16-17 and Attachments 34-38.

The EEOC then attempted to contact Respondent to discuss its objections and obtain the documents Respondent agreed to produce, first calling Respondent in June and leaving a message, and then sending an email on September 15, 2022. Ex. A, ¶ 18 and Attachment 39. Respondent failed to return either contact. To date, Respondent has not complied with the subpoenas. Ex. A, ¶ 19.

## II.   Argument

Respondent has no valid defense for failing to comply with the EEOC's

---

[1] The subpoena sought substantially the same information as EEOC's initial requests for information but did narrow the requests slightly. *Compare* Ex. A, Attachments 9-16, *with* Ex. A, Attachments 29-33.

subpoenas. To begin with, Respondent failed to exhaust its administrative opportunity to challenge the Title VII subpoena (Rausch, Subpoena No. SL-22-10) and has therefore waived its objections to enforcement of that subpoena. With respect to the remaining four subpoenas, they should be enforced because they are within the EEOC's authority and seek limited, relevant information. The EEOC subpoena-enforcement proceedings are summary in nature and involve limited judicial review. *McLane Co. v. EEOC*, 581 U.S. 72, 76 (2017) (internal citations omitted) ("A district court's role in an EEOC subpoena enforcement proceeding. . . is a straightforward one. A district court is not to use an enforcement proceeding as an opportunity to test the strength of the underlying complaint."); *EEOC v. Randstad*, 685 F.3d 433, 442 (4th Cir. 2012) ("A district court's role in enforcing an administrative subpoena is sharply limited."); *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 113 (4th Cir. 1997); *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 450 (11th Cir. 1996).

To successfully petition a court to enforce an administrative subpoena, the EEOC need only show that 1) the investigation is within the agency's authority; 2) the subpoena satisfies statutory requirements of due process; and 3) the information sought is relevant to the investigation. *EEOC v. Grinnell Fire Protect. Sys. Co.*, 764 F. Supp. 623, 624 (D. Kan. 1991); *see also Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *EEOC v. Randstad*, 685 F.3d at 442; *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *EEOC v. Konica Minolta Bus. Solutions U.S.A.*, Inc., 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. United Air Lines, Inc.*,

287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983). *EEOC v. Wash. Suburban Sanitary Comm'n*, 631 F.3d 174, 180 (4th Cir. 2011); *Karuk Tribe*, 260 F.3d at 1076; *Lockheed Martin*, 116 F.3d at 113; *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995). The Court should make this determination "cognizant of the generous construction that courts have given the term relevant." *McLane Co.*, 581 U.S. at 76-77 (internal citations omitted). Once this showing has been made, a court will enforce the subpoena unless the Respondent can prove that the subpoena is unduly burdensome. *McLane Co.*, 581 U.S. at 77; *Quad/Graphics*, 63 F.3d at 645; *EEOC v. Am. & Efird Mills, Inc.*, 964 F.2d 300, 303 (4th Cir. 1992).

**A. The Title VII subpoena should be enforced because Respondent failed to exhaust its administrative remedies to challenge it and therefore waived all objections to enforcement.**

Under 29 U.S.C. § 161 and 29 C.F.R. § 1601.16(b)(1), which provide the statutory and regulatory requirements for challenging an EEOC subpoenas issued pursuant to Title VII, a recipient of such a subpoena who does not intend to comply must petition the issuing EEOC director to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985). *Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983); *see also EEOC v. Lutheran Soc. Servs.*, 186 F.3d

959, 964 (D.C. Cir. 1999) ("section 1601.16(b)(1)'s mandatory language creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

In this case, the Respondent did not petition the EEOC to revoke or modify the Title VII subpoena within five days, as required by the statute and the related regulations. Indeed, Respondent has never done so. Consequently, Respondent's objections to enforcement of the Title VII subpoena, SL-22-10, should not be heard, and it must be enforced. *See EEOC v. Aerotek, Inc.*, 498 Fed. App'x. 645, 647-49 (7th Cir. 2013) (holding that Aerotek was foreclosed from challenging the EEOC's subpoena because Aerotek did not submit its petition to revoke or modify the subpoena until the sixth day after service of the subpoena).

**B. All the subpoenas should be enforced because the investigation is within the EEOC's authority, the demands are not too indefinite, and the information sought is relevant to the investigation.**

### 1. The investigation is within the agency's authority.

First, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging violations of Title VII and the ADEA. Under Title VII, Congress conferred on the Commission broad powers of access to records of entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9). Similarly, under the ADEA, Congress granted the EEOC the right to obtain access to records "relating to any matter under investigation." 15 U.S.C. § 49 (incorporated in Section 9 of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 209, and through that section, in Section 7(a) of the ADEA, 29 U.S.C. § 626(a)).

Here, the EEOC seeks to determine if Respondent engaged in sex or age discrimination by paying different groups of employees better than others. Such an investigation is within the agency's statutory authority, and thus, the first prong of the test has been satisfied.

### 2.   The EEOC fulfilled all procedural due process requirements.

The subpoenas at issue met all procedural due process requirements. Under the ADEA, there are no special procedures that the EEOC must follow before it may issue a subpoena or seek judicial enforcement. "[T]he EEOC's role in combating age discrimination is not dependent on the filing of a charge; the agency may receive information concerning alleged violations of the ADEA 'from any source,' and it has independent authority to investigate age discrimination." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28 (1991). *See also EEOC v. Sidley Austin Brown & Wood*, 315 F.3d 696, 701 (7th Cir. 2002) (unlike Title VII, existence of a charge not required under ADEA); *EEOC v. Tire Kingdom, Inc.*, 80 F.3d 449, 451-52 & n.2 (11th Cir. 1996) (same); *Am. & Efird Mills, Inc.*, 964 F.2d at 304 (same); 29 C.F.R. § 1626.4 (stating that the Commission may conduct investigations "on its own initiative"); 29 C.F.R. § 1626.13 ("Because the Commission has independent investigative authority, see § 1626.4, it may continue any investigation and may secure relief for all affected persons notwithstanding a request by a charging party to withdraw a charge.").

The subpoenas issued pursuant to the ADEA complied with applicable regulations governing the issuance and contents of ADEA subpoenas, 29 C.F.R. § 1626.16(b), as they were issued by an appropriate authority and contained all the information specified

in the regulation.[2] Ex. A, ¶ 14-15 and Attachments 29-33.

With respect to the subpoena issued pursuant to Title VII, SL-22-10, a valid charge was filed, the EEOC provided Respondent with notice of the charge, and the subpoena contained all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a).[3] *See also Shell Oil Co.*, 466 U.S. at 67-74 (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same).

### 3. The information sought is relevant.

Finally, the information sought by the EEOC is relevant to the issues it is investigating – specifically, sex and age discrimination. Section 709(a) of Title VII broadly grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "Since the enactment of Title VII, courts have generously construed the term 'relevant'

---

[2] 29 C.F.R. § 1626.16(b) provides, in relevant part:

> The subpoena shall state the name, address and title of the issuer, identify the person or evidence subpoenaed, the name of the person to whom the subpoena is returnable, the date, time and place that testimony is to be given or that documents are to be provided or access provided.

[3] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *Shell Oil Co.*, 466 U.S. at 68-69. *Accord Randstad*, 685 F.3d at 448; *Schwan's Home Serv.*, 644 F.3d at 747; *Konica Minolta Bus. Solutions U.S.A.*, Inc., 639 F.3d at 369; *EEOC v. Kronos, Inc.*, 620 F.3d 287, 296 (3rd Cir. 2010); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *United Air Lines, Inc.*, 287 F.3d at 652; *Roadway Express*, *Inc.*, 261 F.3d at 639-40; *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3rd Cir. 1981). The Commission does not need to present a "specific reason for disclosure" of the requested information. *Univ. of Pa.*, 493 U.S. at 194.

Similarly, Section 7(a) of the ADEA grants the EEOC access to records "relating to any matter under investigation." 15 U.S.C. § 49 (incorporated in Section 9 of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 209, and, through that section, in Section 7(a) of the ADEA, 29 U.S.C. § 626(a)). The statute grants the EEOC "broad investigatory authority, independent of the proper filing of an employee charge." *Am. & Efird Mills, Inc.*, 964 F.2d at 303. When reviewing this broad investigatory authority, courts will enforce an administrative subpoena "if the material subpoenaed touches a matter under investigation." *EEOC v. Elrod*, 674 F.2d 601, 613 (7th Cir. 1982) (cite and internal quotation marks omitted). The concept of relevancy during an EEOC investigation is broader than during litigation.

It is undeniable that the information sought by the EEOC "might cast light on the allegations against the employer" and "touches a matter under investigation." *Shell Oil Co.*, 466 U.S. at 69; *Elrod*, 674 F.2d at 613. The Charging Parties allege they were paid

less than their peers because of age and sex. The EEOC seeks documents reflecting the pay of other officers, the reasons for changes in pay, and who made decisions to change pay. The subpoenas are tailored to obtain evidence to determine whether the Respondent unlawfully paid men or younger workers more than the Charging Parties.

### C. Compliance with the subpoena will not impose an undue burden on Respondent.

It follows that the Court should enforce the subpoena, unless Respondent shows that compliance with the subpoena "would threaten the normal operation" of the business. *Quad/Graphics, Inc.*, 63 F.3d at 648. *Accord EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 476-79 (4th Cir. 1986); *cf. EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994) (without explicitly addressing the standard for burdensomeness, court stated a balancing test—"Essentially, this court's task is to weigh the likely relevance of the requested material to the investigation against the burden to Ford of producing the material."—in a case in which the court was focused on the relevant time period for the EEOC's investigation).

Respondent makes only conclusory and general allegations of burdensomeness, and it only raises the objection in response to Requests 1, 4, and 7. Even then, the objections seem to really be for vagueness, rather than to the burden of responding. But to the extent Respondent is truly objecting to the burden of production, it carries a "difficult burden." *United Air Lines, Inc.*, 287 F.3d at 653. "There is a presumption in favor of requiring an employer's compliance with a subpoena when the Commission

inquires into legitimate matters of public interest." *Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d at 371. And conclusory allegations that it would be burdensome to respond to the subpoena are not sufficient to meet Respondent's burden. *Id.; United Air Lines*, 287 F.3d at 653.

Several cases are illustrative. In *Maryland Cup*, the court found that it was not unduly burdensome to require the company to spend $75,000.00 to compile information given that the employer did not show that this cost was burdensome considering normal operating costs or that gathering the information would threaten operations. 785 F.2d at 479. In *Quad/Graphics*, the respondent presented evidence that it would take over 200,000 hours to compile information in response to the subpoena, but the court concluded that the estimate was inflated especially in light of the EEOC's concession to accept a random sampling for ninety percent of the work. 63 F.3d at 648-49. And in *Citicorp*, the employer submitted evidence that compliance with the subpoena would take two full-time employees six months, but the court rejected the claim of burdensomeness because the respondent did not offer any estimate of cost or show how compliance would impact its normal operations. 985 F.2d at 1040. Unlike these cases, Respondent has not even stated a specific burden replying to subpoena would impose. At best, the Respondent can show that compliance with the subpoena will involve some inconvenience and some cost. Respondent has the burden to establish that compliance would entail an unreasonable burden, and it has failed to do so.

**D. Respondent's objections to the EEOC's subpoenas do not prevent enforcement.**

To justify not complying with the subpoenas, Respondent raised various objections, including arguing that the EEOC's requests should be limited to part-time officers, that it only needed to produce documents it already had, that some requests were vague, that it did not need to produce confidential medical records, and that it was sufficient to offer to make documents available rather than provide them as required by the subpoenas. The Respondent also questioned whether it was subject to the EEOC's subpoena authority because it is a division of the State of Kansas. None of these arguments justify Respondent's failure to fully comply with the EEOC's subpoenas.

**1. Respondent cannot limit its responses to part-time officers.**

Respondent limited its replies to Requests 1, 2, 4, and 6 to part-time officers only, excluding responses for full-time officers.[4] The limitation is unwarranted. In reviewing subpoena enforcement actions, many courts have recognized the relevance of information about matters not specifically mentioned in the charge, such as information about other job classifications, other departments, and related bases of discrimination. *E.g., EEOC v. Union Pac. R.R.*, 867 F.3d 843, 852 (7th Cir. 2017) (ruling that the EEOC was entitled to company-wide information about individuals who sought the position of assistant signalman, including computerized personnel information); *Randstad*, 685 F.3d at 450-51

---

[4] The responses to Requests 2 and 4 are limited to "individuals employed in the charging part[ies'] job classification." Ex. A, ¶ 16, Attachments 34-38. Given Respondent's other objections, and its failure to provide any documents, EEOC understands this language as a limitation to part-time officers.

(deferring to the Commission's opinion that data on the types of jobs into which workers were placed, even placements from offices other than the one where the charging party worked, might help the EEOC assess the respondent's requirement that employees be able to read and write English); *Schwan's Home Serv.*, 644 F.3d at 748 ("Because the EEOC's investigation into Milliren's charge of individual gender discrimination revealed potential systemic gender discrimination, the EEOC had the authority to subpoena information relevant to systemic gender discrimination even absent a valid systemic charge by Milliren"); *EEOC v. Kronos, Inc.*, 620 F.3d 287, 297-98 (3rd Cir. 2010) (holding that district court abused its discretion by narrowing the subpoena to certain positions when grocery store used the assessment tool "in hiring for every retail position" and data on other positions would provide comparative information and "may shed light on whether the Assessment has an adverse impact on persons with disabilities"; in addition, nationwide data would provide context for discrimination alleged to have occurred in West Virginia), *further construed in EEOC v. Kronos, Inc.*, 694 F.3d 351, 362-65 (3rd Cir. 2012). Respondent must fully comply with the EEOC's Requests 1, 2, 4, and 6.

### 2. Respondent must provide information and compilations, not just documents in its possession.

Next, Respondent objected to Requests 3 and 5 because they did "not seek the production of documents." Ex. A, ¶ 16, Attachments 34-38. Courts have routinely rejected this assertion and required respondents to assemble lists, summaries, and other data compilations. *E.g., Citicorp Diners Club, Inc.*, 985 F.2d at 1038-39 (EEOC may

compel employer to compile summaries by examining personnel files and interviewing witnesses); *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 n.9 (7th Cir. 1987) (finding subpoena not defective "simply because it requires Tempel Steel to compile information concerning its work force"); *Md. Cup Corp.*, 785 F.2d at 478 (stating that "subpoena power of the EEOC is not limited to the production of documents already in existence"); *New Orleans Pub. Serv., Inc. v. Brown*, 507 F.2d 160, 164-65 (5th Cir. 1975) (subpoena not invalid merely because employer was required to make compilations); *Motorola, Inc. v. McLain*, 484 F.2d 1339, 1346 (7th Cir. 1973) ("There is nothing unique about a requirement to compile and furnish lists, names, addresses and telephone numbers.").

This principle is equally true under Title VII and the ADEA. *See* e.g. *Quad/Graphics, Inc.*, 63 F.3d at 648-49 (7th Cir. 1995) (rejecting argument that administrative subpoena was overly burdensome because it would require many hours to compile the information EEOC sought in Title VII and ADEA investigation); *EEOC v. Gladieux Refinery, Inc.*, 631 F.Supp. 927 (N.D. Ind. 1986); *EEOC v. Archer-Daniels-Midland Co.*, No. 84-136-D-2, 1984 WL 1436, *1 (S.D. Iowa, Nov. 27, 1984) (rejecting argument that differences between the statutes require compilations under Title VII but not the ADEA).

### 3.   EEOC's requests are narrowly tailored and clear.

Respondent objected to Requests 1, 4, and 7 as vague or failing to "describe with reasonable particularity each item or category of items" requested, relying on Fed.R.Civ.P. 34(b)(1)(A). Ex. A, ¶ 16, Attachments 34-38. But the Rule governs civil discovery not administrative subpoenas. *See E.E.O.C. v. Deer Valley Unified Sch. Dist.*,

968 F.2d 904, 906 (9th Cir. 1992) ("The investigatory subpoena power of the EEOC is based on specific statutory authority, not on the general discovery provisions of the Federal Rules of Civil Procedure."); *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resol. Tr. Corp.*, 5 F.3d 1508, 1513 (D.C. Cir. 1993) ("Unlike a discovery procedure, an administrative investigation is a proceeding distinct from any litigation that may eventually flow from it."). *Cf. Equal Emp. Opportunity Comm'n v. Univ. of New Mexico, Albuquerque, New Mexico*, 504 F.2d 1296 (10th Cir. 1974) (analyzing EEOC's subpoena authority without reference to Federal Rules of Civil Procedure); *E.E.O.C. v. Dillon Companies, Inc.*, 310 F.3d 1271 (10th Cir. 2002) (same). Nonetheless, this objection is unwarranted because the requests are specific and their meaning plain. Request 1 seeks all documents that show Respondent's policies and practices regarding pay; Request 4 seeks personnel files; and Request 7 seeks all documents reflecting the Board of Trustees consideration of or discussion concerning pay. The requests are limited by their terms to the specific category of documents they are addressing.

### 4.  Confidentiality is not an excuse for noncompliance.

Next, Respondent objected that Request 4 impermissibly sought medical records. Ex. A, ¶ 16, Attachments 34-38. But with an EEOC subpoena, "confidentiality is no excuse for noncompliance since Title VII imposes criminal penalties for EEOC personnel who publicize information obtained in the course of investigating charges of employment discrimination." *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 312 (7th Cir. 1981). The Supreme Court similarly rejected a university's argument that a court could, in its discretion, require the EEOC to show more than relevance as a condition to obtain

confidential, tenure-review materials. *Univ. of Pa.*, 493 U.S. at 192. The Court noted, though Title VII establishes no privilege to protect employees' privacy, "Congress did address situations in which an employer may have an interest in the confidentiality of its records" by making it unlawful under 42 U.S.C. § 2000e-8(e) for the Commission to disclose information obtained under its investigative authority. *Univ. of Pa.*, 493 U.S. at 192. Thus, Respondent must produce confidential information.

### 5. Respondent must provide responses to EEOC's subpoena in the manner directed.

Respondent replied to Requests 1, 2, 4, and 7 by offering to partially respond and make the documents "available for review at a mutually agreeable time and place pursuant to Fed.R.Civ.P. 34(b)(2)(B)." Ex. A, ¶ 16, Attachments 34-38. As an initial matter, Respondent never contacted EEOC, nor returned EEOC's communications, to set up a "mutually agreeable time." Regardless, Rule 34(b)(2)(B) does not apply because the rule governs civil discovery, not administrative subpoenas. *See Deer Valley,* 968 F.2d at 906; *Linde Thomson,* 5 F.3d at 1513. Moreover, under 29 U.S.C. § 161, incorporated into Title VII by 42 U.S.C. § 2000e-9, EEOC "shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated." Further, "the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing." 29 U.S.C. § 161. Similarly, under 15 U.S.C. § 49, incorporated into the ADEA through, 29 U.S.C. § 626(a) and 29 U.S.C. § 209 (the FLSA), "the Commission. . . shall at all reasonable times have access to, for the purpose of examination, and the right to

copy any documentary evidence" and "the Commission shall have power to require by subpoena. . . the production of all such documentary evidence." "[S]uch documentary evidence[] may be required from any place in the United States[] at any designated place of hearing." 15 U.S.C. § 49.

Thus, even had Respondent contacted EEOC to arrange the availability of its documents, the response would have been inadequate. The EEOC may require Respondent to produce the documents in the manner specified by the subpoenas.

### 6. Respondent is not exempt from compliance because it is a state entity.

Respondent may argue that it is not subject to the EEOC's jurisdiction because it is a subdivision of the State of Kansas and that, therefore, EEOC's subpoenas are unenforceable against it. But Title VII, the ADEA, and their regulations provide for enforcement of agency subpoenas against state entities. "In connection with any investigation of a charge filed under section 2000e-5 of this title [VII], the Commission. . . shall at all reasonable times have access to. . . and the right to copy any evidence of any person being investigated[.]" 42 U.S.C. § 2000e-8(a). Title VII defines "person" as, *inter alia*, "governments, governmental agencies, [and] political subdivisions." 42 U.S.C. § 2000e(a). The regulations define "person" the same way, 29 C.F.R. § 1601.2, and allow "[a]ny District Director. . . [to] sign and issue a subpoena on behalf of the Commission." 29 C.F.R. § 1601.16(a). When issued, "[t]he subpoena shall. . . identify the person or evidence subpoenaed[.]" *Id.* Put simply, "[i]n the pre-litigation state, Congress has given unrestricted investigative power to the EEOC." *EEOC v. IL State Tollway Auth.*, 800 F.2d

656, 659 (7th Cir. 1986) (holding EEOC subpoenas enforceable against a state agency).

The same is true of the ADEA. Under the statute, an "employer" includes "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b); s*ee also Mt. Lemmon Fire District v. Guido*, 139 S. Ct. 22 (2018) (confirming States and their political subdivisions were "employers" covered by the ADEA regardless of whether they had 20 employees). And under 29 U.S.C. § 626(a), the EEOC "shall have the power to make investigations. . . in accordance with the powers and procedures provided in" Section 9 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 209. The ADEA's implementing regulations are similarly explicit: "To effectuate the purposes of the Act the Commission shall have the authority to issue a subpoena requiring: . . . (2) The production of evidence[.]" 29 C.F.R. § 1626.16.

## III.    Conclusion

For the foregoing reasons, the EEOC seeks enforcement of five subpoenas against Respondent. Respondent failed to exhaust its administrative remedies as to the Title VII subpoena, and all five subpoenas seek information relevant to valid investigations under Title VII and the ADEA. It will not be unduly burdensome for the Respondent to comply with the subpoenas, and its other objections are inapplicable. The Commission therefore requests this Court order Respondent to show cause why these subpoenas should not be enforced, set a date for a hearing, and order that the subpoenas be enforced and all information sought by the EEOC be produced by Respondent.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G BARAN, MO Bar #46520
Regional Attorney
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone: (314) 798-1914
andrea.baran@eeoc.gov

s/ Lauren M. Wilson
LAUREN M. WILSON, FL Bar #1024850
Trial Attorney
JOSHUA M. PIERSON, KS Bar #29095
Supervisory Trial Attorney
Kansas City Area Office
400 State Avenue, Suite 905
Kansas City, Kansas 66101
Phone: (913) 359-1807 (Mr. Pierson)
Phone: (913) 359-1813 (Ms. Wilson)
Facsimile (913) 551-6957
joshua.pierson@eeoc.gov
lauren.wilson@eeoc.gov

JOSHUA C. STOCKTON
OBA # 21833
Trial Attorney
Oklahoma Area Office
215 Dean A. McGee Ave., Ste. 524
Oklahoma City, OK 73102
Phone: (405) 666-0387
joshua.stockton@eeoc.gov

ATTORNEYS FOR APPLICANT EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION