#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Applicant, | ) ) ) |
| v. | ) Case No. 2:23-mc-00202- DDC-ADM ) ) |
| KANSAS CITY KANSAS COMMUNITY COLLEGE, | ) ) ) |
| Respondent. | ) ) |

### REPORT AND RECOMMENDATION[1]

This matter comes before the court on the Equal Employment Opportunity Commission's ("EEOC") Application for an Order to Show Cause Why Administrative Subpoenas Should Not Be Enforced. (ECF 1.) By way of this application, the EEOC seeks a court order directing Kansas City Kansas Community College ("KCKCC") to fully comply with administrative subpoenas the EEOC issued seeking documents relating to KCKCC's policies for setting wages, police

---

[1] The undersigned magistrate judge proceeds by way of a report and recommendation because the matter referred is case dispositive. *See N.L.R.B. v. Frazier*, 966 F.2d 812 (3rd Cir. 1992) (NLRB subpoena enforcement proceeding is "not a pretrial determination of a motion collateral to the main proceeding before the district court, but a final decision which dispose[s] entirely of the Board's business before the court"); *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (finding the magistrate judge should have issued a report and recommendation rather than a final order on a motion to enforce an Internal Revenue Service summons); *see also Perez v. Alegria*, No. 15-MC-401-SAC, 2015 WL 4744487, at *7 n.1 (D. Kan. June 24, 2015) (issuing report and recommendation regarding enforcement of administrative subpoena, noting prior decisions concluding magistrate judges lacked authority to issue a final decision disposing of an administrative subpoena enforcement proceeding); *N.L.R.B. v. Midwest Heating & Air Conditioning, Inc.*, No. MISC.A. 07-222- KHV, 2008 WL 4330022, at *4 (D. Kan. Sept. 16, 2008) ("Unlike typical pretrial motions which district judges routinely refer to magistrate judges, the question of subpoena enforcement was not ancillary to the case.").

1

department payroll records, personnel files, including applications and resumes for new hires, job postings, and information about who made decisions about wages and wage increases. (*Id.* at 3.) As discussed in further detail below, the court recommends that the district judge grant the EEOC's application and order KCKCC to comply with the subpoenas.

**I.     BACKGROUND**

In late April 2021, the EEOC received four charges of discrimination filed by Kathy Rausch, Rodney Schubert, James Gunzenhauser, and Richard Peters ("Charging Parties"). The EEOC sent KCKCC notice of the charges and began to investigate whether there is reasonable cause to believe KCKCC violated the Age Discrimination in Employment Act of 1967 ("ADEA") and/or Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF 1-2, at 2.) KCKCC is a public community college located in Kansas City, Kansas. (ECF 1 ¶ 4, at 2.)

The EEOC tried to informally obtain documents and information from KCKCC about wages, qualifications, and decisionmakers by serving the KCKCC with two Requests for Information based on each charge. (ECF 1-1, at 2-3.) KCKCC produced some of the requested information on three separate occasions, but the EEOC asserts that those responses were incomplete, and KCKCC raised several objections to the information being sought. (ECF 1-1, at 3; ECF 4, at 2.) When the KCKCC failed to fully comply with the EEOC's informal requests, the EEOC served the five administrative subpoenas at issue here. (*Id.*) The subpoenas sought documents showing KCKCC's policies and practices regarding pay; payroll records for individuals employed as police officers or in KCKCC's police department; the identities of individuals who participated in setting or changing pay rates for officers; personnel records for part-time officers; vacancies and postings for open police officer positions; applications and resumes for campus

police officers; and documents related to the Board of Trustees' decisions regarding officer pay. (ECF 1-1, at 3-4.)

KCKCC answered all of the subpoenas by the deadline of June 7, 2022, apparently choosing not to file a petition to revoke or modify the subpoena relating to the Title VII charge of discrimination. KCKCC objected entirely to the requests regarding (1) the identities of individuals who participated in setting or changing pay rates for officers and (2) applications and resumes for campus police officers. It offered partial responses to the other requests, but produced no documents and instead agreed to make documents available "at a mutually agreeable time and place." (ECF 1-1, at 4; ECF 1-2 ¶¶ 16-17 & Exs. 34-38.) The EEOC attempted to contact KCKCC by phone in June 2022 and by email in September 2022, but KCKCC did not respond to either of these attempts. (ECF 1-1, at 4.)

On March 14, 2023, the EEOC filed its Application for an Order to Show Cause Why Administrative Subpoenas Should Not Be Enforced. (ECF 1.) On April 18, 2023, the court issued an order directing KCKCC to show cause why it should not be compelled to comply with the subpoenas. (ECF 2.) The order directed the EEOC to serve KCKCC with a copy of the Order to Show Cause, along with the EEOC's Application, Memorandum in Support, and supporting exhibits. (*Id.*) The order further directed KCKCC to file and serve its answer to the Application and response to the Order to Show Cause. (*Id.*) KCKCC's response first argues the EEOC does not have the statutory authority to issue or seek enforcement of an administrative subpoena issued to a Kansas public community college, nor does this court have jurisdiction over such enforcement actions. (ECF 4, at 3-7.) KCKCC next contends that, if the court does have jurisdiction, it should not enforce the subpoenas to the extent that (1) KCKCC has already produced or agreed to produce the documents sought; (2) the subpoenas seek publicly available documents or do not seek

3

production of documents at all; or (3) the EEOC's requests are not relevant or proportional to its investigations into the Charges of Discrimination. (*Id.* at 4, 7-11.)

## II. ANALYSIS

When seeking judicial enforcement of an administrative subpoena, the agency bears the initial burden of proof to show: (1) the investigation is within the agency's authority; (2) the subpoena satisfies statutory requirements of due process; and (3) the information sought is relevant to the investigation. *See EEOC v. Grinnell Fire Protect. Sys. Co.*, 764 F. Supp. 623, 624 (D. Kan. 1991). Once the agency has made its threshold showing of these factors, then the court is to enforce the subpoena unless the respondent proves that (1) the subpoena is overly broad or burdensome; or (2) that enforcement would constitute an abuse of the court's process. *Martin v. Gard*, 811 F. Supp. 616, 620 (D. Kan. 1993). An abuse of process occurs when the administrative agency is acting for an improper purpose, such as to harass or pressure settlement in a collateral matter, or any other purpose that lacks good faith. *Id*. The court will first address the EEOC's showing and then KCKCC's arguments in opposition to subpoena enforcement.

### A. THE EEOC'S INITIAL SHOWING

#### 1. INVESTIGATION WITHIN AGENCY'S AUTHORITY

The EEOC correctly asserts that Congress has mandated that it investigate charges of discrimination alleging violations of Title VII and the ADEA. Under Title VII, Congress conferred on the EEOC broad powers of access to records of entities against whom charges have been filed, 42 U.S.C § 2000e-8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9). Under the ADEA, Congress granted the EEOC the right to obtain access to records "relating to any matter under investigation." 15

4

U.S.C. § 49 (incorporated in Section 9 of the Fair Labor Standards Act, as amended 29 U.S.C. § 209, and through that section, in Section 7(a) of the ADEA, 29 U.S.C. § 626(a)).

KCKCC does not contest the EEOC's statutory authority to issue an administrative subpoena or to seek enforcement of an administrative subpoena generally. Rather, KCKCC argues that the statutes granting the EEOC the power to investigate do not expressly authorize enforcement against a governmental entity like KCKCC. (ECF 4, at 4-7.) The court rejects KCKCC's narrow reading of the statutes and its attempt to impede the EEOC's efforts to carry out the manifest intent of Congress. *See* 29 C.F.R § 1626.22 ("These rules and regulations shall be liberally construed to effectuate the purposes and provisions of this Act and any other acts administered by the Commission."). Congress amended Title VII in 1972 to add States and their subdivisions to the definition of "person," and Congress amended the ADEA in 1974 to cover state and local governments. 42 U.S.C. § 2000e(a) (defining "person" to include "governments, governmental agencies, [and] political subdivisions"); 29 U.S.C. § 630(b) (defining "employer" as "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State"). Furthermore, the Supreme Court has held that state and local governments are "employers" covered by the ADEA regardless of their size. *Mount Lemmon Fire Dist. v. Guido*, 139 S. Ct. 22, 27 (2018) ("[T]he text of the ADEA's definitional provision. . . leave scant room for doubt that state and local governments are 'employers' covered by the ADEA."). Likewise, the Supreme Court has recognized that the EEOC has the authority to investigate and to subpoena governmental entities like KCKCC under Title VII. *Univ. of Penn. v. EEOC*, 493 U.S. 182, 192 (1990) (noting the EEOC has the authority to issue administrative subpoenas to similarly-situated state educational entities). Indeed, district courts have routinely enforced EEOC investigative subpoenas against state agencies. *See, e.g., EEOC v. Illinois State Tollway Auth.*,

5

800 F.2d 656 (7th Cir. 1986); *Nueces County Hosp. Dist. v. EEOC*, 518 F.2d 895 (5th Cir. 1975); *EEOC v. Univ. of New Mexico*, 504 F.2d 1296 (10th Cir. 1974).  Accordingly, the court finds the EEOC has shown that it has the authority to issue administrative subpoenas to a governmental entity like KCKCC under both the ADEA and Title VII.

### 2. PROCEDURAL DUE PROCESS REQUIREMENTS

Under the ADEA, the EEOC "shall promptly notify the respondent that a charge has been filed," as well as partake in conciliation efforts pursuant to section 7(d) of the ADEA.  29 C.F.R. §§ 1626.11, 1626.12.  Under Title VII, "the Commission shall serve respondent the charge by digital transmission, by mail, or in person" and "the notice shall include the date, place, and circumstances of the alleged unlawful practice."  29 C.F.R. § 1601.14.  KCKCC does not challenge this aspect of the EEOC's showing.  Thus, the court finds the EEOC has fulfilled the procedural due process requirements under both the ADEA and Title VII.[2]

### 3. RELEVANCE

The EEOC has the authority to subpoena "evidence of any person being investigated . . . that relates to unlawful employment practices . . . and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a).  This limitation "is not especially constraining" and "afford[s] the Commission access to virtually any material that might cast light on the allegations against the employer."  *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984).  At the same time, courts must not "read relevancy so broadly as to render the statutory requirement a nullity."  *Id.* at 69.

The court finds the EEOC has met its burden of establishing that the information it seeks via the subpoenas is relevant to the charges of discrimination under investigation.  There is no

---

[2] KCKCC points out that the method of service stated on the subpoenas is not the method the EEOC used for service, but this is irrelevant because KCKCC agreed to accept service of the subpoenas via email to its counsel. (ECF 4, at 3 n.3.)

question that the information sought—policies for setting wages, police department payroll records, personnel files, applications and resumes for new hires, job postings, and information about who made decisions about wages and wage increases—might cast light on the Charging Parties' allegations against KCKCC that they were paid less than their peers because of age and sex.  (ECF 1-1, at 10-11.)  Therefore, the EEOC has shown the evidence sought in the subpoenas is relevant to the charges of sex and age discrimination.

### B. KCKCC'S OBJECTIONS TO ENFORCEMENT

Having found that the EEOC has met its initial burden, the court must enforce the subpoena unless KCKCC can demonstrate that the EEOC's requests contain irrelevant information or are unduly burdensome.  *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993); *see also McLane Co. v. EEOC*, 137 S. Ct. 1159, 1165 (2017) ("If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome." (internal quotations omitted)).  Here, KCKCC contends that evidence about full-time campus police officers is irrelevant.  The court finds KCKCC's relevance arguments are unpersuasive and that it has not met its burden to show that certain other objections apply.

#### 1. RELEVANCE AND OVERBREADTH

KCKCC argues that Requests 2 and 6, which seek payroll records and applications and resumes of all full-time campus police officers, are outside the scope of the charges of discrimination and the EEOC's investigation because "the Charging Parties are employed as part-time police officers."  (ECF 4, at 9.)  Although the EEOC cannot seek records or materials that are "so broadly stated as to constitute a fishing expedition," *Univ. of New Mexico*, 504 F.2d at 1302, "[s]o long as the request is not too indefinite or overbroad and is reasonably relevant to the matter

7

under inquiry, the subpoena is enforceable." *Martin*, 811 F. Supp. at 624. Here, KCKCC has not challenged these requests as indefinite. And the court finds that the requested information about full-time campus police officers is reasonably relevant to the EEOC's investigation of possible discrimination against "an entire class of Officers, over the age of forty (40) years old." (ECF 1-4, 1-5, 1-6, 1-7.)

As for KCKCC's suggestion that the subpoenas are unenforceable as overbroad because they request information beyond the specific position held by the Charging Parties (*i.e.*, "part-time police officer"), the court points out that the Tenth Circuit has allowed even broader administrative subpoenas in employment cases. *See, e.g., EEOC v. Dillon Cos.*, 310 F.3d 1271, 1275 (10th Cir. 2002) (holding administrative subpoena seeking information regarding vacant positions at other store locations was relevant to diabetic employee's claim she was not offered a reasonable accommodation under ADA, and finding in context of EEOC charge that "even some requests we previously considered to be administrative 'fishing expeditions' are often permitted" (internal quotation marks omitted)); *EEOC v. Univ. of New Mexico*, 504 F.2d 1296, 1299, 1303 (10th Cir. 1974) (affirming district court's enforcement of EEOC subpoena demanding copies of personnel files of all persons terminated between 1970 and 1973, and personnel files for all faculty members employed by the defendant as of the date of complainant's termination in an employment case alleging discriminatory failure to promote and retaliatory discharge); *Circle K Corp., Inc. v. EEOC*, 501 F.2d 1052 (10th Cir. 1974) (reversing district court's decision not to enforce subpoena requesting broad information regarding racial-ethnic identity of all applicants, employer's application process and polygraph examinations of each applicant because the information sought was relevant and not unduly burdensome). KCKCC has therefore not shown that the subpoenas are irrelevant or overbroad.

**2. UNDUE BURDEN**

In addition to relevance, KCKCC makes a fleeting objection based on undue burden. KCKCC argues that the subpoenas should not be enforced because "they seek documents that are not relevant or proportional (unduly burdensome) to the EEOC's investigation into the Charges of Discrimination." (ECF 4, at 4.) KCKCC does not further articulate its proportionality concerns and has not offered any evidence or more developed argument about how compliance with the subpoenas would cause undue burden. "A court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.' Rather, the employer must show that compliance would unduly disrupt and seriously hinder normal operations of the business." *Citicorp Diners Club*, 985 F.2d at 1040 (quoting *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986)). KCKCC has not shown that it would be unduly burdensome to comply with the subpoenas.

**3. SUBPOENAS SEEK PUBLICLY AVAILABLE DOCUMENTS**

KCKCC argues that Request 7 seeks publicly available documents available at KCKCC's website, such as agendas and minutes. (ECF 4, at 10.) Even if that is so, that does not excuse compliance. But more to the point, the request seeks more than just the publicly-available agendas and minutes. It also seeks meeting transcripts, recordings, exhibits, and reference materials. KCKCC has not met its burden of showing that these requested materials are irrelevant or unduly burdensome to produce. KCKCC is therefore ordered to produce all of the documents requested in Request 7.

### 4. SUBPOENAS SEEK INFORMATION, NOT DOCUMENTS

KCKCC next contends that the subpoenas should not be enforced to the extent they do not seek the production of documents. KCKCC points to Requests 3 and 5, which ask KCKCC to "identify" all individuals who played a role in setting the pay of campus police officers and to "identify" all campus police officer vacancies. (ECF 1-32, 1-33, 1-34, 1-35, 1-36.) The gist of KCKCC's argument is that the court should not enforce the subpoenas to the extent they do not seek documents but instead seek information that would require witness testimony, or at the very least require KCKCC to compile information or summaries after interviewing employees, which goes beyond the subpoenas duces tecum served on KCKCC. Tenth Circuit precedent dooms this argument. *See Citicorp Diners Club*, 985 F.2d at 1039; *Circle K Corp.*, 501 F.2d at 1054. In *Circle K Corp.*, the EEOC's subpoena sought the following:

> a list of all applicants and present employees subjected to the polygraph examination, their racial-ethnic identity and whether they were accepted or rejected; documentation of the nature, standardization and validity of the polygraph test and a list of questions asked of each applicant; qualifications of the examiners who administered the tests; testimony under oath of all knowledgeable employees and officers; and all related matters.

501 F.2d at 1054. Even though the subpoena required the employer to develop and compile information for the EEOC's use, the Tenth Circuit ordered compliance and reversed the district court, which had refused to enforce the subpoena partly because compliance would entail compilation. *Id.* at 1058-59. Other circuit courts have also held that the EEOC may compel an employer to compile information within its control in order to respond to a subpoena, and that the subpoena power of the EEOC is not limited to the production of documents already in existence. *See EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 at n.9 (7th Cir. 1987); *Maryland Cup*, 785 F.2d at 478; *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir. 1981); *Local No. 104, Sheet Metal Workers v. EEOC*, 439 F.2d 237, 243 (9th Cir. 1971).

Accordingly, KCKCC has not shown that the subpoenas should not be enforced with respect to Requests 3 and 5.

### 5. KCKCC'S REQUEST FOR ALTERNATIVE RELIEF

KCKCC alternatively asks the court to modify the EEOC's subpoenas "to focus on documents relating to similarly situated individuals to that of Charging Parties." (ECF 4, at 4.) Because KCKCC has not demonstrated that the EEOC's requests contain irrelevant information or are unduly burdensome, the court will enforce the subpoenas as served on KCKCC and will not modify them.

### 6. WAIVER

Lastly, the EEOC contends KCKCC waived its objections to enforcement of the Rausch Title VII subpoena by failing to exhaust its administrative remedies. Specifically, the EEOC points out that KCKCC did not comply with 29 C.F.R. § 1601.16(b)(1), an EEOC regulation that requires entities objecting to subpoenas to file a petition to revoke or modify the subpoena within five days of service of the subpoena. The EEOC cites to numerous cases holding that an employer waives any objections when it fails to exhaust its administrative remedies by not lodging objections within the time period designated by the relevant regulation. (ECF 1-1, at 6-7.)

KCKCC contends that it did not waive its objections because the regulations do not apply to a local government entity and because the EEOC failed to notify KCKCC of "its right to object to the subpoenas and the subpoenas themselves present no information on any requirement to petition the director." (ECF 4, at 11.) KCKCC's first argument fails for the same reasons stated above—namely, the regulations *do* apply to KCKCC. And the court is unpersuaded by KCKCC's second argument, which is based on two inapposite cases: *EEOC v. Lutheran Social Services*, 186 F.3d 959 (D.C. Cir. 1999) and *EEOC v. Aaron's Inc.*, 779 F. Supp. 2d 754 (N.D. Ill. 2011).

11

In *Aaron's*, the court concluded that the employer did not forfeit the right to object to a document request by failing to petition the EEOC to revoke or modify that part of the subpoena within five days of its service. But the facts underlying that case are distinguishable. In *Aaron's*, the employer had timely filed a motion to revoke or modify the subpoena with respect to another document request, and the employer "swiftly remedied [its failure to object to the subject document request] by submitting objections to that request shortly thereafter." *Aaron's*, 779 F. Supp. 2d at 757-58. The court noted that "[t]here is nothing in the record to indicate that the later objections impaired the investigation in any way, as the EEOC still had Aaron's other objections under advisement at the time." *Id.* at 758. Here, KCKCC failed to make *any* timely objections within the five days after service of the subpoena.

Similarly, in *Lutheran*, the D.C. Circuit rejected the EEOC's waiver argument and determined that the employer's failure timely to present its objections was excusable. But, again, the facts underlying that case are distinguishable. In *Lutheran*, the employer's objection was rooted in the attorney-client privilege and this fact played an important role in the court's decision to review the subpoena despite the employer's failure to exhaust its administrative remedies. *Lutheran*, 186 F.3d. at 965 (limiting scope of holding by emphasizing that its conclusion "would do little if any damage to the integrity of the Commission's [exhaustion] procedures" because "the EEOC has no expertise with respect to the attorney-client and work product privileges" as opposed to "the more typical situation where a subpoena recipient's objections rest on relevance or particularity" as to which the EEOC "possesses considerable expertise"). So *Lutheran*, which explicitly acknowledged that its holding was limited to the "particular circumstances" of that case, does not compel this court to allow KCKCC to challenge the subpoena here.

12

Rather, the Court will follow numerous other courts, which have consistently held that when an employer fails to petition to revoke or modify the subpoena within five days, its objections are waived for failure to exhaust its administrative remedies. *See, e.g., EEOC v. Aerotek, Inc.*, 498 Fed. App'x 645, 647-49 (7th Cir. 2013) (foreclosing Aerotek from challenging the EEOC's subpoena because it did not submit its petition to revoke or modify the subpoena until the sixth day after service of the subpoena); *EEOC v. Cuzzens of Georgia*, 608 F.2d 1062, 1063-64 (5th Cir. 1979) (holding that "an employer served with an EEOC subpoena and making no effort to exhaust the available administrative remedies may not thereafter challenge the subsequent judicial enforcement of that subpoena for any reason short of objections based on constitutional grounds"); *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985) ("On the basis of failure to exhaust administrative remedies alone, defendant must comply with the subpoena."); *EEOC v. Roadway Express, Inc*., 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983) (stating that "a party will normally be denied judicial relief for injury until administrative remedies have been exhausted").

Accordingly, the court finds that KCKCC waived its objections to enforcement of the Title VII subpoena by failing timely to file a petition to revoke or modify with the EEOC.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and D. KAN. RULE 72.1.4, the parties may file written objections to this report and recommendation within fourteen days after being served with a copy. If a party fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge grant the EEOC's application for enforcement of the administrative subpoenas (ECF 1) and order KCKCC to comply

with EEOC subpoena numbers SL-22-09, SL-22-10, SL-22-11, SL-22-12, and SL-22-13 in their entirety.

**IT IS SO ORDERED.**

Dated July 21, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge