IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,**

                    **Petitioner,**

v.

**KANSAS CITY, KANSAS COMMUNITY
COLLEGE,**

                    **Respondent.**

Case No. 23-202-DDC-ADM

## MEMORANDUM AND ORDER

      Petitioner, United States Equal Employment Opportunity Commission (EEOC), is investigating respondent, Kansas City, Kansas Community College (KCKCC), for alleged age and sex discrimination against four employees. As part of this investigation, the EEOC issued five subpoenas to KCKCC. The EEOC alleges that KCKCC failed to comply with those subpoenas. The EEOC since has filed an Application for an Order to Show Cause Why Administrative Subpoenas Should Not be Enforced (Doc. 1) with this court.

      On April 18, 2023, Magistrate Judge Angel D. Mitchell ordered KCKCC to show cause why the court shouldn't compel KCKCC to comply with the subpoenas. Doc. 2. KCKCC responded, arguing that the court shouldn't compel it to comply with the subpoenas because the EEOC lacks authority to issue administrative subpoenas to a government entity, including KCKCC. Doc. 4. Alternatively, KCKCC asserted, the court shouldn't enforce the administrative subpoenas because KCKCC already has provided the EEOC the majority of the

documents sought in the subpoenas, the remaining documents aren't relevant to the EEOC's investigation, and the subpoenas seek to compel KCKCC to create documents, not merely hand them over.

The Magistrate Judge then issued a Report and Recommendation recommending that the district court grant the EEOC's application for enforcement of the administrative subpoenas (Doc. 1) and order KCKCC to comply with the subpoenas. Doc. 6. KCKCC timely objected. Doc. 7. The matter is fully briefed. Doc. 8; Doc. 9. The court accepts, adopts, and affirms the Magistrate Judge's Report and Recommendation for the reasons identified below.

I.      **Background**

Kathy Rausch, Rodney Schubert, James Gunzenhauser, and Richard Peters (Charging Parties) worked as police officers at KCKCC for many years. Doc. 1 at 2 (EEOC Show Cause Order Appl. ¶¶ 4–5). In April 2021, the Charging Parties filed Charges of Discrimination with Petitioner, the EEOC. Doc. 1-2 at 2 (DeGuire Decl. ¶¶ 4–5). They allege that KCKCC began hiring younger police officers and paying those younger officers a higher hourly rate than the college paid the Charging Parties. Doc. 1-4 at 1 (Ex. 1); Doc. 1-5 at 1 (Ex. 2); Doc. 1-6 at 1 (Ex. 3); Doc. 1-7 at 1 (Ex. 4)  Ms. Rausch also alleges that KCKCC compensated her less than it paid male officers. Doc. 1-4 at 1 (Ex. 1).

The EEOC sent KCKCC notice of the charges and began to investigate the Charging Parties' age and sex discrimination claims under the Age Discrimination and Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. Doc. 1-2 at 2 (DeGuire Decl. ¶ 5). As part of their investigation, the EEOC served KCKCC with two informal Requests for Information for each of the two charges. *Id.* at 2–3 (DeGuire Decl. ¶¶ 6–7). The EEOC asked KCKCC to provide information and documents relating to its wage-setting policies, police department payroll records, applications and resumes for new hires, job postings, and

information showing which personnel made compensation decisions.  Doc. 1-12 (Ex. 9); Doc. 1-13 (Ex. 10); Doc. 1-14 (Ex. 11); Doc. 1-15 (Ex. 12); Doc. 1-16 (Ex. 13); Doc. 1-17 (Ex. 14); Doc. 1-18 (Ex. 15); Doc. 1-19 (Ex. 16).

KCKCC replied to the first and second Requests for Information but refused to comply fully with the EEOC's requests.  Doc. 1-2 at 4–5 (DeGuire Decl. ¶¶ 9–13).  After KCKCC failed to comply with these informal efforts, the EEOC issued five administrative subpoenas.  Four subpoenas sought information about the ADEA claims and one subpoena sought information about the Title VII claim.  *Id.* at 5–6 (DeGuire Decl. ¶ 14).  Each subpoena sought to compel production of:

1. Documents showing KCKCC's policies and practices regarding pay;
2. Payroll records for individuals employed as police officers or in KCKCC's police department;
3. The identities of individuals who participated in setting or changing pay rates for officers;
4. Personnel records for part-time officers;
5. Vacancies and postings for open police officer positions;
6. Applications and resumes for campus police officers; and
7. Documents related to Board of Trustees' decisions regarding officer pay.

*Id.* at 6 (DeGuire Decl. ¶ 15).  The EEOC limited the scope of all requests to the period April 1, 2019, through the present.  *Id.*  KCKCC responded on June 7, 2022.  But it provided no documents, and it objected to the EEOC's administrative subpoena request generally, and, specifically, it objected to Requests 3 and 6.  *Id.* at 6–7 (DeGuire Decl. ¶¶ 16–17).  The EEOC since has contacted KCKCC twice to request that it comply with the subpoenas.  *Id.* at 7

3

(DeGuire Decl. ¶ 18).  KCKCC hasn't responded or complied with the subpoenas.  *Id.* (DeGuire Decl. ¶ 19).

**II.     Procedural Background**

On March 14, 2023, the EEOC filed an Application for an Order to Show Cause Why Administrative Subpoenas Should Not be Enforced.  Doc. 1.  The Magistrate Judge issued an Order to Show Cause (Doc. 2), ordering KCKCC to show cause why the court should not compel KCKCC to comply with the EEOC's subpoenas.  KCKCC timely filed its Response to the Order (Doc. 3), and the EEOC replied (Doc. 4).

On July 21, 2023, the Magistrate Judge issued a Report and Recommendation (Doc. 6), recommending that the court grant the EEOC's application for enforcement of the administrative subpoenas and order KCKCC to comply with the EEOC subpoena numbers SL-22-09, SL-22-10, SL-22-11, SL-22-12, and SL-22-13 in their entirety.  KCKCC timely filed an objection to the Order, asking the court not to adopt the Magistrate Judge's recommendation.  Doc. 7.  The EEOC, of course, feels differently and urges the court to enforce the subpoenas.  Doc. 8.

The court now evaluates KCKCC's objections to the Report and Recommendation.  But first, it recites the legal standard for a district court reviewing a magistrate judge's report and recommendation.

**III.    Legal Standard**

When a magistrate judge enters an Order recommending a disposition, Fed. R. Civ. P. 72(b)(2) provides that a party may serve and file specific, written objections to the magistrate judge's order "[w]ithin 14 days after being served with a copy of the recommended disposition[.]"  The rules then mandate that the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c) ("A judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When the district court makes this determination, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(c).

The Tenth Circuit requires that parties bring "both timely and specific" objections to a magistrate judge's recommended disposition "to preserve an issue for de novo review by the district court[.]" *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute[.]" *Id.* Here, there's no dispute about timelines. Both parties timely filed by the governing deadlines. *See* Docs. 7–9.

**IV.     Analysis**

KCKCC objects to four main aspects of the Magistrate Judge's Report and Recommendation. Specifically, KCKCC asserts that the report incorrectly concluded that: (1) the EEOC possesses authority to issue or petition the district court to enforce administrative subpoenas against government entities;[1] (2) KCKCC waived its right to object to the subpoenas; (3) KCKCC received adequate procedural due process; (4) the EEOC's subpoena requests are relevant to its investigation; and (5) the EEOC's subpoena requests don't unduly burden KCKCC. KCKCC disagrees with each of these conclusions. The court thus reviews all five decisions de novo. Fed. R. Civ. P. 72(b)(3).

---

[1]  No party disputes that KCKCC is an arm of the state of Kansas. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1170 (10th Cir. 2000) ("[The Tenth Circuit] ha[s] consistently held that state colleges and universities are arms of the state[.]").

  A.  **EEOC Has Authority to Investigate KCKCC.**

KCKCC argues that the Report and Recommendation incorrectly concluded that the EEOC has authority to issue or seek to enforce administrative subpoenas against government entities, including KCKCC.  The Magistrate Judge reached this conclusion, purportedly an erroneous one according to KCKCC, because she performed the wrong inquiry.  That is, the Report and Recommendation focuses on whether the ADEA and Title VII's definitions of "employer" apply to KCKCC.  Instead, KCKCC contends, the Magistrate Judge should've asked this question:  Does the EEOC's governing statute and regulations authorize it to issue and, if necessary, petition the district court to enforce administrative subpoenas as part of the EEOC's investigation into the government's alleged ADEA and Title VII violations?

KCKCC argues that the EEOC doesn't have power to issue and enforce the subpoenas against it because the relevant statutes—Title VII and the ADEA—don't authorize subpoenas against a state entity such as KCKCC.  Before the court wades into this dense statutory question, it's important to note that KCKCC hasn't identified any case where a court has adopted KCKCC's view of the agency's subpoena power.  To say it more succinctly, no court appears ever to have embraced KCKCC's argument.  This court declines to become the first.  After all, KCKCC acknowledges that it's an employer subject to these antidiscrimination statutes.  Adopting KCKCC's position would make it harder for EEOC to investigate KCKCC for discrimination.  This would seem an anomalous result, given (i) Congress's 1972 amendments to Title VII, adding states and their subdivisions to Title VII's definition of persons, and (ii) Congress's 1974 amendments to the ADEA, defining the key term "employer" to include state and local governments.  The court begins with KCKCC's arguments about Title VII, then addresses the ADEA.

1. Title VII

KCKCC argues EEOC doesn't have authority under Title VII to enforce the subpoenas. This is a novel argument with a steep hill to climb because, as the Magistrate Judge noted, "the Supreme Court has recognized that the EEOC has the authority to investigate and to subpoena governmental entities like KCKCC under Title VII." Doc. 6 at 5 (citing *Univ. of Pa. v. E.E.O.C.*, 493 U.S. 182, 192 (1990) ("Title VII's subpoena enforcement provisions . . . giv[e] the [EEOC] a right to obtain that evidence, not a mere license to seek it.")). To be sure, *University of Pennsylvania v. E.E.O.C.* doesn't address KCKCC's exact argument here. Before the court explains KCKCC's argument, it explains the statutory framework it relies on—starting with the statutes permitting the EEOC to issue and seek enforcement of subpoenas.

EEOC issued its Title VII subpoena under 42 U.S.C. § 2000e-9. This statute governs Title VII hearings and investigations. Rather than invent new hearing and investigation procedures for Title VII, Congress instead incorporated the investigatory procedures adopted by the National Labor Relations Act, found in 29 U.S.C. § 161. That Act allows the EEOC to "have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question." 29 U.S.C. § 161(1). Also, the EEOC can "issue to such party subpoenas requiring . . . the production of any evidence." *Id.* KCKCC's argument focuses on the word "person" in § 161 of the NLRA.

The NLRA defines the term "person" to mean "one or more individuals, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in cases under title 11, or receivers." 29 U.S.C. § 152(1). KCKCC contends that this definition, importantly, omits governmental entities. But, as the EEOC correctly points out, Title VII also

7

defines person. And under Title VII, the term "person" includes "one or more individuals, governments, governmental agencies" and so on. 42 U.S.C. § 2000e(a).

The Magistrate Judge's decision cited Title VII's definition of person and concluded that its definition applied here. Doc. 6 at 5. The court agrees. So, Title VII confers authority on the EEOC to seek enforcement of a subpoena against KCKCC because Title VII's definition of person includes governments and governmental agencies. This conclusion comports with the Supreme Court's ruling enforcing subpoenas against a public university in *University of Pennsylvania*, 493 U.S. at 192. And it's in keeping with Congress's grant of "unrestricted investigative power to the EEOC" in "the pre-litigation stage[.]" *U.S. E.E.O.C. v. Ill. State Tollway Auth.*, 800 F.2d 656, 659 (7th Cir. 1986). The court declines to adopt KCKCC's novel, myopic reading of the controlling statutes.

### 2. ADEA

KCKCC next argues that the EEOC doesn't have authority under ADEA to enforce the subpoenas. Within ADEA, 29 U.S.C. § 626(a) gives the EEOC power to investigate. This power is a broad one, but it has some limits. Specifically, § 626(a) also requires the EEOC to investigate "in accordance with the powers and procedures provided in sections 209 and 211[.]" KCKCC makes much of the limits imposed in §§ 209 and 211. The court examines each provision, in turn, below. It also proffers this visual aid to map the route that the court must take through the statutory weeds:

8



*First*: § 209 of Title 29.  When Congress enacted ADEA, it decided not to reinvent the wheel.  Instead, § 209 explicitly incorporates the procedures granted to the Federal Trade Commission under the Federal Trade Commission Act (FTCA)—and specifically those in 15 U.S.C. §§ 49, 50.  29 U.S.C. § 209 ("For the purpose of any hearing or investigation provided for in this chapter, the provisions of sections 49 and 50 of Title 15 . . . are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees.").  KCKCC argues that neither § 49 nor § 50 authorize EEOC to enforce subpoenas against a state or local governmental entity such as KCKCC.  But § 49 gives the EEOC power to access "documentary evidence of any *person*, partnership, or corporation being investigated or proceeded against[.]"  15 U.S.C. § 49 (emphasis added).  Also, ADEA defines person as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any *organized group of persons*."  29 U.S.C. § 630(a) (emphasis added).

9

KCKCC argues that these definitions don't include a governmental entity like KCKCC, so the EEOC can't access its documentary evidence.

Section 209 also incorporates 15 U.S.C. § 50.  Section 50 grants the power to enforce subpoenas against "any person" who fails "to produce any documentary evidence[.]"  15 U.S.C. § 50.  KCKCC again argues that, as a state governmental entity, it's not a person.

*Second*:  § 211 of Title 29.  This provision authorizes the EEOC to "investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry . . . to determine whether any person has violated" the ADEA.  29 U.S.C. § 211(a).  KCKCC again argues it's not a person because it's a governmental entity.

The court is unimpressed with KCKCC's argument.  For one thing, Congress explicitly blessed use of the procedures in the FTCA.  One of those borrowed provisions, § 49 of the FTCA, confers power on the EEOC to access documents held by "any person" it's investigating.  15 U.S.C. § 49.  And the term "person" conveys the intent to adopt a statute with a broad reach.  It includes "individuals."  And it also includes "corporations," "associations," "partnerships," and—here's the tell—"any organized group of persons."  *Id.*  Perhaps this is why the only Circuit Court to reach the issue has rejected a similar attempt to evade or limit the permissible scope of an EEOC subpoena.

In *E.E.O.C. v. Washington Suburban Sanitary Commission*, a "bi-county governmental body" organized under Maryland law received an EEOC subpoena.  631 F.3d 174, 177 (4th Cir. 2011).  Apparently, the local governmental unit didn't comply with the subpoena because the EEOC asked Maryland's federal district court to enforce it.  *Id.* at 179.  The district court ruled for the EEOC and the unit of local government appealed.  The Fourth Circuit affirmed.

The Circuit's analysis consisted of three steps.  *First*, the Circuit reasoned that the EEOC possessed authority to enforce ADEA's substantive provisions against a state or "any agency or instrumentality . . . or political subdivision of a state."  *Id.* (citing *S.C. State Ports Auth. v. Fed. Mar. Comm'n*, 243 F.3d 165, 176 (4th Cir. 2001)).  *Second*, "Congress also granted the EEOC authority 'to make investigations and require the keepers of records necessary or appropriate for the administration of' the ADEA."  *Id.* at 180.  This authority to investigate included "commensurate authority to subpoena information and gave [federal] district courts jurisdiction to enforce those subpoenas."  *Id.* (citing subpoena authority in 15 U.S.C. § 49, as incorporated as part of ADEA).  And *third*, while the EEOC's authority comes with some limits, the subpoena at issue there didn't encroach on any of those limits.  *Id.* at 181–82.  The Fourth Circuit thus affirmed, enforcing the subpoena against the commission, a political subdivision of Maryland.

In sum, the only circuit to reach KCKCC's current argument has rejected it.  Given the Fourth Circuit's persuasive reasoning in that singular case, the court predicts that our Circuit would reach the same conclusion.  KCKCC, just like the bi-county commission at issue in *Washington Suburban*, must comply with the subpoena served on it.  The court thus agrees with the Magistrate Judge's ruling and overrules KCKCC's first objection to Judge Mitchell's reasoning.

**B.     KCKCC Has Waived its Right to Object to the Administrative Subpoenas.**

KCKCC next argues that should the court conclude that the EEOC has authority to serve and enforce the subpoenas against the college—as the court just concluded it does—KCKCC still has a right to object to those subpoenas.  So, KCKCC argues, the Report and

11

Recommendation erroneously concluded that the college had waived its right to object to the Title VII subpoena.[2]

To appreciate KCKCC's Title VII waiver argument fully, the court first summarizes the EEOC's position.  The EEOC argues that if KCKCC wished to challenge the Title VII subpoena, then it should have turned to administrative remedies first.  On that front, Title VII's procedural regulations require any "person served with a . . . subpoena who intends not to comply" to "petition the issuing director to seek its revocation or modification."  29 C.F.R. § 1601.16(b)(1).  This regulation gives the noncompliant recipient five days to petition EEOC for relief.  *Id.*  KCKCC never petitioned the EEOC for "revocation or modification" of the Tile VII subpoena.  So, EEOC argues, KCKCC has failed to exhaust its administrative remedies and, as a result, has waived its objections.  KCKCC disagrees.  The court next summarizes KCKCC's side of the argument.

KCKCC first argues that it's not a "person" within the meaning of 29 C.F.R. § 1601.16(b)(1).  So, KCKCC reasons, the five-day requirement in that provision doesn't apply here at all.  According to KCKCC, the definition of "person" in 29 C.F.R. § 1601.16(b)(1) comes from 29 C.F.R. § 20.20.  Section 20.20 of Title 29 of the Code of Federal Regulations provides, "The term person does not include any agency of the United States, or any state or local government."  But it's not obvious why this definition from § 20.20 applies to § 1601.16(b)(1)'s use of the term "person."  Section 20.20 explicitly defines terms—including the word "person"—"[f]or purposes of *this subpart*[.]"  29 C.F.R. § 20.20 (emphasis added).  Section 20.20 and § 1601.16(b)(1) aren't even part of the same Sub*title*, much less part of the same

---

[2]    Although the waiver section of KCKCC's objection mentions both Title VII and ADEA, Doc. 7 at 10, waiver applies only to Title VII, 29 C.F.R. § 1626.16(c) (declining to order subpoena recipient to petition issuing director).  Indeed, EEOC's original motion argues Title VII waiver only.  Doc. 1-1 at 6.

Sub*part*.  *Compare* 29 C.F.R. § 20.20 (falling under Title 29 of the Code of Federal Regulations, Subtitle A for the Office of the Secretary of Labor, Part 20 of Federal Claims Collection, and Subpart B governing Administrative Offset), *with* 29 C.F.R. § 1601.16 (falling under Title 29 of the Code of Federal Regulations, Subtitle B for the Regulations Relating to Labor, Chapter XIV governing the Equal Employment Opportunity Commission, Part 1601 providing Procedural Regulations, and Subpart B, providing procedure for the prevention of unlawful employment practices).  So, it's not clear why KCKCC thinks that § 20.20's definition of "person" applies to § 1601.16.  That's because KCKCC never shares its reasoning.  *See* Doc. 7 at 5–6.  Putting it mildly, KCKCC never shows its work.  The court declines to comb the Code of Federal Regulations to find and make KCKCC's argument for it.  *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1513–14 (10th Cir. 1990) ("We need not . . . manufacture a party's argument for him[.]").  And perhaps a search for a link between § 20.20 and § 1601.16 would prove futile because § 20.20 explicitly limits itself to a different subset of federal regulations.  Ultimately, the court considers KCKCC's insufficiently briefed argument waived.  *See Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) (concluding defendant waived argument insufficiently briefed).  KCKCC's argument is based on § 20.20.  Given these shortcomings, the Magistrate Judge properly rejected it.

Anticipating this outcome, KCKCC makes an alternative argument.  It asserts that the court, should it find that § 1601.16 applies—and the court now has reached that conclusion—then KCKCC's responses and objections substantially complied with the applicable regulations.  But KCKCC fails to explain *how* its responses and objections qualify as substantial compliance.  KCKCC just cites *E.E.O.C. v. Aaron's, Inc.*—an out of circuit case holding that defendant "did not forfeit the right to object" to the EEOC's subpoena despite objecting two weeks late.  779 F.

13

Supp. 2d 754, 757–58 (N.D. Ill. 2011). But *Aaron's* isn't the silver bullet KCKCC imagines because it's easily distinguishable from the facts here. In *Aaron's*, the court held that respondent hadn't waived its right to object. *Id.* It reached this conclusion because respondent "asserted *some* timely objections," and edited those objections two weeks later to supplement the objections—the ones challenged as untimely. *Id.* And *Aaron's* also emphasized that the late objections didn't impair the investigation "as the EEOC still had Aaron's other objections under advisement at the time." *Id.*

That's not what happened here. Not at all. KCKCC made no timely objections. The EEOC subpoenaed KCKCC on May 25, 2022. Doc. 1-2 at 5–6 (DeGuire Decl. ¶ 14). To comply with § 1601.16, KCKCC must have objected to those subpoenas by May 30, 2022. KCKCC didn't respond to the subpoenas until June 7, 2022. *Id.* at 6–7 (DeGuire Decl. ¶ 16). KCKCC asserted no timely objections and thus waived its right to challenge the Title VII administrative subpoena. The court affirms the Magistrate Judge's conclusion that this court should "follow numerous other courts, which have consistently held that when an employer fails to petition to revoke or modify the subpoena within five days, its objections are waived for failure to exhaust administrative remedies." Doc. 6 at 13 (collecting cases).

C.  **KCKCC Has Received Adequate Procedural Due Process.**

KCKCC next asserts that the Report and Recommendation incorrectly concludes that KCKCC received adequate procedural due process when EEOC issued the administrative subpoenas. KCKCC posits that the EEOC deprived it of adequate procedural due process because the EEOC: (1) failed to notify KCKCC of its right to object to the subpoenas; and (2) failed to provide KCKCC an opportunity to object to the subpoenas.

"To determine whether a plaintiff was denied procedural due process, [the court] engage[s] in a two-step inquiry: (1) Did the individual possess a protected interest to which due

14

process protection was applicable? (2) Was the individual afforded an appropriate level of process?" *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (citation omitted). KCKCC fails this standard at prong one. It never explains why either of its due process theories, if true, violate KCKCC's due process rights. *See* Doc. 4; Doc. 7; Doc. 9. KCKCC's objection merely cites *EEOC v. Lutheran Social Services*, a case that never even uses the words "due process." 186 F.3d 959 (D.C. Cir. 1999). "To properly allege a violation of [its] procedural due process rights, [respondent] must first demonstrate that he had a protected property or liberty interest[.]" *Hennigh*, 155 F.3d at 1253. KCKCC never identifies any property or liberty interest it purportedly lost. KCKCC's due process argument can't withstand even cursory analysis.

    **D.**    **EEOC's Administrative Subpoena Requests Are Relevant to its Investigation.**

KCKCC next argues that the Report and Recommendation incorrectly concluded that the EEOC's subpoena sought information relevant to its investigation. Instead, KCKCC argues, "the EEOC's request for documents and records for positions other than part-time police officers are simply not relevant—even those pertaining to full-time police officers." Doc. 7 at 7. KCKCC also argues that "the only issue in the Charges is one of pay, and, therefore, no need exists for the EEOC to have 'complete personnel files' which include highly personal information such as health information, benefit elections, etc., that have no bearing on pay or salary[.]" *Id.*

"[U]nlike other federal agencies that possess plenary authority to demand to see records relevant to matters within their jurisdiction, the EEOC may access only evidence 'relevant to the charge under investigation.'" *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 64 (1984) (quoting 42 U.S.C. § 2000e–8(a)). The governing "statutory scheme places the burden on the EEOC to demonstrate the relevance of the information requested in its subpoena." *E.E.O.C. v. Dillon Cos.*, 310 F.3d 1271, 1274–75 (10th Cir. 2002). "The Supreme Court has explained that the

'relevancy' limitation on the EEOC's investigative authority is 'not especially constraining.'" *Id.* (quoting *Shell Oil*, 466 U.S. at 68). Courts traditionally have "allowed the EEOC access to any information 'that might cast light on the allegations against the employer.'" *Id.* (quoting *Shell Oil*, 466 U.S. at 68). While "the relevance standard must not be interpreted so broadly . . . to render the statutory language a nullity," the Tenth Circuit has explained

> (1) that an EEOC administrative subpoena is enforceable even though no probable cause has been shown, (2) that even some requests [it] previously considered to be administrative fishing expeditions are often permitted, and (3) that such subpoenas may be enforced for investigative purposes unless they are plainly incompetent or irrelevant to any lawful purpose.

*Id.* (citation and internal quotation marks omitted). In sum, because "relevance" as applied in this context is such a broad concept, KCKCC's fighting a strong tide.

The EEOC began this investigation after the Charging Parties alleged that they were paid less than their younger and male peers. Doc. 1-2 at 1–2 (DeGuire Decl. ¶¶ 4–5). Its subpoenas seek documents about KCKCC's police officer's compensation policies (and practices), changes in officer compensation, and information about personnel who participated in setting or changing officer pay rates. *Id.* at 6 (DeGuire Decl. ¶ 15). KCKCC hasn't shown that these requests are "'irrelevant to any lawful purpose.'" *Dillon Cos.*, 310 F.3d at 1274 (quoting *Shell Oil*, 466 U.S. at 68).

To the contrary, documents about KCKCC police officers, officer compensation and demographics, and KCKCC's hiring practices indeed "might cast light on the allegations" of age and sex discrimination "against the employer." *Id.* (citation and internal quotation marks omitted). The information EEOC seeks in the subpoenas is relevant to the Charging Parties' claims that KCKCC paid them less than younger or male co-workers. The court concludes that the administrative subpoenas seek information sufficiently tied to the compensation claims to

help resolve whether KCKCC violated ADEA or Title VII. The court overrules KCKCC's objection that the subpoenas seek irrelevant information.

E.     The Administrative Subpoenas Don't Unduly Burden KCKCC.

KCKCC's final argument asserts that the Report and Recommendation erroneously concluded that the EEOC's subpoenas don't unduly burden KCKCC. In other words, KCKCC contends, the EEOC's subpoenas *do* unduly burden it. According to KCKCC, it's already provided the EEOC most of the information it requests, or that information is publicly available. KCKCC argues that it's unduly burdensome for "KCKCC to sift through years of mostly irrelevant Board records . . . and locate and copy all documents which might possibly be responsive[.]" Doc. 7 at 8.

"A court will not excuse compliance with a subpoena for relevant information simply upon the cry of 'unduly burdensome.'" *E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993). Instead, "the employer must show that compliance would unduly disrupt and seriously hinder normal operations of the business." *Id.* (citing *E.E.O.C. v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986)). KCKCC hasn't shouldered any part of that burden here. They haven't demonstrated show that complying with the administrative subpoena would "unduly disrupt" or "seriously hinder" its normal operations. *Id.* KCKCC's aversion to "sift[ing] through years of mostly irrelevant Board records" isn't a sufficient basis for the court to conclude that the EEOC's administrative subpoenas unduly burden the college. *See, e.g.*, *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 648 (7th Cir. 2002) (finding burden when "it would take approximately 5.5 employees working 2000 hours apiece for an entire year to comply with the subpoena as written" (internal quotation marks omitted)).

KCKCC's argument that the court shouldn't enforce the subpoenas because the requested documents are publicly available is equally unpersuasive. KCKCC cites no authority to support

its position that the EEOC can't subpoena publicly available documents.  The court adopts the Report and Recommendation's unjustified and unsupported assertion that the subpoenas don't unduly burden KCKCC.

KCKCC also challenges the EEOC's subpoenas because they require KCKCC "to compile or gather information to respond to questions or create documents rather than produce documents that already exist[.]"  Doc. 7 at 8.  It argues that the request exceeds the EEOC's authority to subpoena "testimony of witnesses[,] . . . evidence including, but not limited to, books, records, correspondence, or documents, in the possession or under the control of the person subpoenaed; and . . . evidence for the purposes of examination and the right to copy."  29 C.F.R. § 1601.16(a).  But the Tenth Circuit has upheld EEOC subpoenas requiring employers to compile documents.  *See Citicorp Diners Club*, 985 F.2d at 1039 (collecting authorities and agreeing with other Circuits that "the EEOC may compel an employer to compile information within its control in order to respond to a subpoena, and that the subpoena power of the EEOC is not limited to the production of documents already in existence."); *Circle K Corp. v. E.E.O.C.*, 501 F.2d 1052, 1054–55 (10th Cir. 1974) (enforcing compliance with EEOC subpoena that would require employer to compile information).  The court declines KCKCC's invitation to stray from this precedent.

In sum, the court rejects KCKCC's arguments that the administrative subpoenas are unduly burdensome.  KCKCC hasn't shouldered any part of its burden to show that complying with the subpoenas, including compiling information, would "unduly disrupt and seriously hinder [its] normal operations[.]"  *Citicorp Diners Club*, 985 F.2d at 1040 (citation omitted).

**V.      Conclusion**

The court has reviewed, de novo, the substance of the Magistrate Judge's Report and Recommendation and evaluated all of KCKCC's objections to it.  The court agrees with the

Magistrate Judge's conclusions. The EEOC has authority to issue administrative subpoenas and to petition the district court to enforce those subpoenas. KCKCC has waived its right to object to the subpoenas. And KCKCC has failed to show that the subpoena process violates any of its procedural due process rights. In sum, the EEOC's subpoenas are relevant to its investigation, and they don't unduly burden KCKCC. The court thus adopts the Report and Recommendation and grants the EEOC's application to enforce the subpoenas. *KCKCC must comply with the administrative subpoenas with alacrity.*

**IT IS THEREFORE ORDERED BY THE COURT THAT**, after reviewing the file de novo, the Report and Recommendation issued by United States Magistrate Judge Angel D. Mitchell on July 21, 2023 (Doc. 6) is **ACCEPTED, ADOPTED, and AFFIRMED**. The court grants the EEOC's application for enforcement of the administrative subpoenas (Doc. 1) and orders KCKCC to comply with EEOC subpoena numbers SL-22-09, SL-22-10, SL-22-11, SL-22-12, and SL-22-13 in their entirety.

**IT IS SO ORDERED.**

**Dated this 6th day of August, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**